# John T. McDavid *et al.*

## *v.*

# Marguerctta Adams.

MARRIED WOMEN—*act of* 1869, *giving her a right to recover for services, not retroactive.* Whatever wages a married woman may have earned prior to the act of 1869, relating to married women's right to recover for services, belong to her husband, and he alone can sue for and recover the same. The act named has no retroactive operation.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

This was a claim filed by Marguerctta Adams, wife of Eli Adams, against the estate of Joshua H. Wilson, deceased, in the county court, and taken, by appeal, to the circuit court, by John T. and William C. McDavid, administrators of the estate. A trial was had in the circuit court, resulting in a verdict and judgment in favor of the claimant for $227, from which the administrators appealed to this court.

Messrs. RICE & MILLER, and Mr. E. LANE, for the appellants.

Messrs. JOHNSON & RUTLEDGE, and Mr. J. M. TRUITT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a claim filed against the estate of Joshua H. Wilson, deceased, for the personal services of appellee, rendered to him in his lifetime, as his housekeeper. The services for which compensation is sought were rendered prior to the year 1864, during all which time appellee was a married woman, being the wife of Eli Adams, who is still living. While appellee was engaged in the service of the deceased, her husband was temporarily absent in the military service of the United States for nearly all the time.

As the law was then, whatever wages the wife earned belonged to the husband, and the right of action was alone in him. The act of 1869, which gave a married woman the right to recover for her personal services, had no retroactive operation. It did not and could not have the effect to invest her with the authority to sue for and recover for indebtedness that never accrued to her, but to her husband.

It is no answer to this view of the law, to say, there is evidence in the record tending to show the services of appellee were never paid for. As we have seen, the right of action was alone in the husband, and his remedy has long since been barred by the Statute of Limitations. The verdict is contrary to the law and the evidence.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*